six cents"; that, prior to placing the order for the involved merchandise, he received a second pricelist; and that he did not remember whether he showed the pricelist to the customs officials prior to entry, since he was taken sick and had given all the papers to the customhouse broker. A member of the brokerage firm testified that he had received the invoice and bill of lading from the importer and that, prior to making entry, had submitted them to the customs examiner for value verification. Although neither witness specifically stated that the two pricelists, exhibit 1 and collective exhibit 2, respectively, were submitted to the appraiser, exhibit 3 contained the following statement: "I submit consular invoice No. 2316 dated 5/16/52 certified at Hong Kong covering merchandise now arrived, and of which entry is to be made at this port, together with all papers, documents, correspondence, and other information not previously presented relative to the value of the merchandise." In view of the foregoing, the court held that it was reasonable to assume that the two pricelists were submitted to the appraiser at the time the invoice and bill of lading were submitted. On the record presented, it was held that there was no intent to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

BEFORE THE THIRD DIVISION, DECEMBER 22, 1954

No. 58634.—Bohemian Distributing Co. et al. v. United States, protests 115715–K, etc. (Los Angeles).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155) and *United States* v. *Josebra* (41 C. C. P. A. 206, C. A. D. 552), the claim of the plaintiffs was sustained.

No. 58635.—Young's Market Co. v. United States, protest 115724–K (Los Angeles).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155) and *United States* v. *Josebra* (41 C. C. P. A. 206, C. A. D. 552), the claim of the plaintiff was sustained.

No. 58636.—Oxford University Press, New York, Inc. v. United States, protest 94630–K (New York).

EKWALL, Judge: This case is before us on rehearing, having been originally decided in *Oxford University Press, New York, Inc.* v. *United States*, 29 Cust. Ct.